**FILED**

**JANUARY 14, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) | Case No.: |
| v. | ) ) | |
| DISTINCTIVE CONCRETE LTD., an Illinois corporation, | ) ) ) | |
| Defendant. | ) | |

**08 C 319**

**JUDGE DOW**
**MAGISTRATE JUDGE DENLOW**

### COMPLAINT

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare

Department of the Construction and General Laborers' District Council of Chicago and Vicinity

(collectively "Funds") and James S. Jorgensen (hereinafter "Jorgensen"), Administrator of the

Funds, by their attorneys Patrick T. Wallace, Jerrod Olszewski, Christina Krivanek, Amy N.

Carollo, and Charles Ingrassia, for their Complaint against Defendant Distinctive Concrete Ltd.,

state:

### COUNT I

### (Failure To Pay Benefit Contributions as Revealed by Audit)

1.      Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee

Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as

amended, 29 U.S.C. §185(a), and 28 U.S.C. §1331.

2.      Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.      The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4.      Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.      Defendant Distinctive Concrete Ltd., (hereinafter "Distinctive" or the "Company") is an Illinois corporation. The Company does business within this District and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6.      The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company have been parties to successive collective bargaining agreements, the

2

most recent of which became effective June 1, 2006 ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Company which Agreement adopts and incorporates Master Agreements between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

7.     The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors' Association of Greater Chicago ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC"), the CARCO Industry Advancement Fund ("CARCO"), and the Illinois Small Pavers' Association ("ISPA") to act as an agent in the collection of contributions due to those Funds.

8.     The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, and/or benefits for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee.

3

9.     The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10.     The Agreement requires the Company to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

11.     Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a)     failed to report and pay contributions in the amount of $351.20 owed to Plaintiff Laborers' Pension Fund for the audit period of October 1, 2005 through September 30, 2007, (a true and accurate copy of the audit is attached hereto as Exhibit B) thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)     failed to report and pay contributions in the amount of $572.80 owed to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of October 1, 2005 through September 30, 2007 (see Exhibit B), thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)     failed to report and pay contributions in the amount of $13.60 owed to Laborers' Training Fund for the period of October 1, 2005 through September 30, 2007 (see Exhibit B), thereby depriving the Laborers' Training Fund of contributions, income and information needed

4

to administer the Fund and jeopardizing the training fund benefits of the participants and
beneficiaries;

(d)     failed to report and pay contributions in the amount of $9.60 owed to Laborers'
District Council Labor Management Committee Cooperative ("LDCLMCC") for the audit period
of October 1, 2005 through September 30, 2007 (see Exhibit B), thereby depriving the
LDCLMCC of contributions, income and information needed to administer the Fund and
jeopardizing the benefits of the participants and beneficiaries;

(e)     failed to report and pay contributions in the amount of $5.60 owed to Laborers'
IAF Fund ("IAF") for the audit period of October 1, 2005 through September 30, 2007 (see
Exhibit B), thereby depriving the IAF of contributions, income and information needed to
administer the Fund and jeopardizing the benefits of the participants and beneficiaries; and

(f)     failed to report and pay contributions in the amount of $4.80 owed to Laborers'
Employers' Cooperation and Education Trust ("LECET") for the audit of October 1, 2005
through September 30, 2007 (see Exhibit B), thereby depriving the LECET of contributions,
income and information needed to administer the Fund and jeopardizing the benefits of the
participants and beneficiaries.

12.     Under the terms of the Agreements and the Funds' respective Agreements and
Declarations of Trust, the Company owes liquidated damages plus interest on all late or unpaid
contributions. Accordingly, the Company owes $35.12 in liquidated damages to the Pension
Fund, $57.28 in liquidated damages to the Welfare Fund, $1.36 in liquidated damages to the
Training Fund, $0.96 in liquidated damages to the LDCLMCC Fund, and $0.56 in liquidated
damages to the IAF Fund, $0.48 in liquidated damages to the LECET Fund, plus interest, on the

unpaid contributions for the period of October 1, 2005 through September 30, 2007. A true and accurate copy of the audit summary sheet is attached hereto as Exhibit B-1.

13.     Under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, the Companies are liable for the costs of any audit which reveals unpaid contributions. Accordingly, the Company owes the Funds $830.07 in audit costs for the audit for the period of October 1, 2005 through September 30, 2007. See Exhibit B-1.

14.     The Company failed to submit timely benefits reports and contributions for the period of October 2005 and September through December 2006. Under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, the Companies owe $440.40 in liquidated damages to the Welfare Fund and $284.04 to the liquidated damages to the Pension Fund, plus interest, on the late October 2005 and September through December 2006 reports.

15.     The Company's actions in failing to submit payment upon an audit to which it submitted its books and records violate Section 515 of ERISA, 29 U.S.C. §1145.

16.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, and the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, liquidated damages on the late paid contributions, audit costs, interest, and reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Distinctive Concrete, Ltd.:

a.    entering judgment in sum certain in favor of the Funds and against the Company on the amounts due and owing pursuant to the audit for the period of October 1, 2005 through September 30, 2007 including contributions, interest, liquidated damages, audit costs, accumulated interest and liquidated damages on late reports, and Plaintiffs' reasonable attorneys' fees and costs; and

b.    awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure To Submit Union Dues)

17.    Plaintiffs reallege paragraphs 1 through 12 of Count I.

18.    Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

19.    Notwithstanding the obligations imposed by the Agreement, the Company failed to withhold and/or submit payment of $42.74 in union dues that were or should have been withheld from the wages of employees for the period of October 1, 2005 through September 30, 2007, thereby depriving the Union of information and income.  See Exhibit B.

20.    Pursuant to the Agreement, the Company owes liquidated damages plus interest on all late or unpaid contributions.  Accordingly, the Company owes $4.27 in liquidated damages for the unpaid union dues revealed as due and owing on the audit as well the unpaid dues, audit costs,

liquidated damages on the late reports, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate. See Exhibit B-1.

21.    The Companies failed to submit timely benefit reports and contributions for the period of September 2005 through October 2005, July 2006 through December 2006. Under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company owes $157.52 in liquidated damages, plus interest, on the late September 2005 through October 2005, July 2006 through December 2006 reports.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant Distinctive Concrete, Ltd. entering judgment in favor of the Funds and against the Company for the amount of Union dues owed on the audit for the period of October 1, 2005 through September 30, 2007, together with all liquidated damages, audit costs, attorneys' fees and costs, accumulated liquidated damages and interest on late reports and any other legal and equitable relief as the Court deems appropriate.

January 14, 2008

Laborers' Pension Fund, et al.

By:  /s/ Jerrod Olszewski

Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy N. Carollo
Charles Ingrassia
Laborers' Pension and Welfare Funds
Sub Office, 111 W. Jackson Blvd., Suite 1415
Chicago, IL  60604
(312) 692-1540



HEADQUARTERS OF

# Construction & General Laborers'
## District Council of Chicago and Vicinity

Affiliated with the Laborers International Union of North America, A.F. of L. – C.I.O. –
6121 WEST DIVERSEY AVENUE – CHICAGO, ILLINOIS 60639 – PHONE: 773-237-7537 – FAX: 773-237-3417

LOCALS 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1006, 1035, 1092

### INDEPENDENT CONSTRUCTION INDUSTRY
### COLLECTIVE BARGAINING AGREEMENT

*DISTINCTIVE CONCRETE LTD.*

It is hereby stipulated and agreed by and between **DISTINCTIVE CONCRETE LTD.**, herein called the "EMPLOYER", and the CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, herein called the "UNION", representing and encompassing Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1006, 1035, 1092 and encompassing the geographical areas of the counties of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone, in the State of Illinois, together with any other locals which may come within the jurisdiction of the UNION, that:

1. EMPLOYER, in response to the UNION's claim that it represents an uncoerced majority of each EMPLOYER's laborer employees, acknowledges and agrees that there is no good faith doubt that the UNION has been authorized to and in fact does represent such majority of laborer employees. Therefore, the UNION is hereby recognized as the sole and exclusive collective bargaining representative for the employees now or hereafter employed in the bargaining unit with respect to wages, hours of work and other terms and conditions of employment in accordance with Section 9 of the National Labor Relations Act without the need for a Board certified election.

2. The EMPLOYER affirms and adopts the Collective Bargaining Agreements between the UNION and the Builders Association of Chicago and Vicinity, the Illinois Road Builders Association, the Underground Contractors Association, the Mason Contractors Association of Greater Chicago, the Concrete Contractors Association of Greater Chicago, G.D.C.R.I./C.A.W.C.C., the Lake County Contractors Association, the Contractors Association of Will and Grundy Counties, the Fox Valley General Contractors Association, the Chicago Demolition Contractors' Association, the Illinois Environmental Contractors Association, and all other Associations with whom the District Council or any of its affiliated local unions has a duly negotiated agreement, and re-establishes all agreements from June 1, 1979 together with all amendments thereto. Where no current Association agreement is negotiated, the terms of the most recent expired agreement are incorporated herein with all terms, conditions and dates extended for the duration hereof, until a current agreement exists that shall be incorporated retroactively herein. It is further agreed that where a contractor works in the jurisdiction of any local UNION, then the Association agreement covering the local UNION is herein specifically incorporated in this agreement and shall supersede the standard District Council agreements in the case of any conflict between the District Council agreement and the local Association agreement. Nothing herein shall limit the jurisdiction of this Agreement to less than that provided in this Agreement.

3. The EMPLOYER agrees to pay the amounts that it is bound to pay under said Collective Bargaining Agreements to the HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, the LABORERS' PENSION FUND, the CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY TRAINING TRUST FUND, the CHICAGO AREA LABORERS-EMPLOYERS COOPERATION EDUCATION TRUST ("LECET"), and to all other designated Union-affiliated benefit funds, and to become bound by and be considered a party to the Agreements and Declarations of Trust creating said Trust Funds as if it had signed the original copies of the Trust Instruments and amendments thereto. The EMPLOYER ratifies and confirms the appointment of the EMPLOYER Trustees who shall, together with their successor Trustees, designated in the manner provided in said Agreements and Declaration of Trusts and jointly with an equal number of Trustees appointed by the UNION, carry out the terms and conditions of the Trust Instruments.

The EMPLOYER further affirms and re-establishes that all prior contributions paid to the Welfare, Pension, Training and LECET Funds were made by duly authorized agents of the EMPLOYER at all proper rates, for the appropriate periods of time, and that by making said prior contributions the EMPLOYER evidences the intent to be bound by the terms of the Trust Agreement and Collective Bargaining Agreements which were operative at the time those contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the EMPLOYER to the applicable agreements.

4. Employees covered by this Working Agreement shall retain all the work traditionally performed by members of the UNION. The EMPLOYER agrees that it will not cause any such traditionally performed work to be done at a construction site by employees other than those covered by this Memorandum of Agreement, except with the prior written consent of the UNION. Any EMPLOYER, whether acting as a contractor, general manager or developer, who contracts out or sublets any of the work coming within the jurisdiction of the UNION, shall assume the obligations of any such subcontractor for prompt payment of employees' wages and other benefits, including reasonable attorneys' fees incurred in enforcing the provisions hereof. Notwithstanding any agreement to the contrary, the EMPLOYER's violation of any provision of this paragraph will give the UNION the right to take any other lawful action, including all remedies at law or equity.

5. In the event of any change in the ownership, management or operation of the EMPLOYER's business by sale or otherwise, it is agreed that as a condition of such transfer or change that the new owner and management shall be fully bound by the terms and conditions of this Agreement. This Agreement is applicable to all successors and transferees of the EMPLOYER, whether corporate or otherwise. The EMPLOYER shall provide ten (10) days prior notice to the Union of the sale or transfer.

6. The negotiated wage and fringe benefit contribution rates in the various Collective Bargaining Agreements are as follows:

| | |
|---|---|
| June 1, 1998 | $23.26 Per Hour Wages |
| | $ 3.27 Per Hour Health and Welfare Fund |
| to | $ 2.05 Per Hour Pension Fund |
| | $ .10 Per Hour Training Fund (plus additional amounts in Association agreement) |
| May 31, 1999 | $ .02 Per Hour MCIAF (if applicable in Association agreement) |
| | $ .02 Per Hour LECET (to be deducted from MCIAF if LECET contribution is not provided in Association agreement) |
| | $ .01 Per Hour Chicagoland Safety Council (if applicable) |
| | In addition, the Employer shall pay other amounts if provided in appropriate Association agreements for Industry funds. |

| | |
|---|---|
| June 1, 1999 | $ 1.25 Per Hour increase for the year June 1, 1999 through May 31, 2000 to be |
| to | allocated between wages and fringe benefits by the Union in its sole discretion. |
| May 31, 2000 | Welfare, Pension, Training and LECET Funds contributions to remain the same unless additional sums are allocated. |

| | |
|---|---|
| June 1, 2000 | $ 1.35 Per Hour increase for the year June 1, 2000 through May 31, 2001, to be |
| to | allocated between wages and fringe benefits by the Union in its sole discretion. |
| May 31, 2001 | Welfare, Pension, Training and LECET Funds contributions remain the same unless additional sums are allocated. |



RECEIVED
MAY 18 2001
FIELD DEPT.

All additional wage rates, dues checkoff, and fringe benefits that are negotiated or become effective after May 31, 2001, shall be incorporated in this Memorandum of Agreement.

7. Effective June 1, 1998, all EMPLOYERS covered by this Memorandum of Agreement incorporating the various Collective Bargaining Agreements shall deduct from the wages of employees covered by the said contract, uniform working dues in the amount of 1.5% of gross wages, or as determined by the UNION, and shall remit monthly to the UNION office designated by the EMPLOYER by the District Council the sums so deducted, together with an accurate list of employees from whom wages and dues were deducted and the amounts applicable to each employee, not later than the 15th day of the month following the month for which said deductions were made.

8. It is the intention of the parties that such deductions shall comply with the requirements of Section 302(c)(4) of the Labor Management Relations Act of 1947, as amended and such deductions be made only pursuant to written agreements from each employee on whose account such deductions are made, which assignment shall not be irrevocable for a period of more than one year or beyond the termination date of the Memorandum of Agreement, whichever occurs sooner.

9. This Agreement shall remain in full force and effect through May 31, 2001 (unless an applicable Association agreement is of longer duration) and shall continue thereafter unless there has been given written notice, by registered or certified mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date, of the desire to modify or amend this Agreement through negotiations. In the absence of such notice the EMPLOYER and the UNION agree to be bound by the new area-wide negotiated contracts with the various Associations incorporating them into this Agreement and extending this Agreement for the life of the newly negotiated contracts.

10. The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The EMPLOYER further acknowledges receipt of a copy of the complete Joint Working Agreement. Upon request of the UNION, the EMPLOYER shall execute another agreement that reflects the final contract settlements incorporated herein.

Dated   **MAY 7**                    **2001**
    month / day         year

ACCEPTED:

Laborers' Local Union No.  **1035**       *Distinctive Cng. LTD*
                                       (Employer)
                                  *Angelo Pease*   Pres.
By:                           By: *Vito Nitti, Vice Pres*
                                        (Print Name and Title)

CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY
                                        (Signature)

By:                            *PO Box 8832 Carol Stream IL*
   Robert E. Bloch, Trustee                          (Address)

For Office Use Only:  **CCA #**        *Carol Stream IL 60188*
                                    (City, State and Zip Code)
         **# 1669**              *630 - 540 - 1790*
                                    (Telephone)

DISTRICT COUNCIL



EXHIBIT
A

DISTINCTIVE CONCRETE LTD.
CASE # CHLAB-0707-1434
ACCOUNT # 31001
OCTOBER 1, 2005 THROUGH SEPTEMBER 30, 2007



# Levinson Simon & Sprung, P.C.
Certified Public Accountants

566 W. Lake St.
Suite 3 West
Chicago, IL 60661-1414
(312) 655-0037
Fax (312) 655-9145

November 8, 2007

Trustees Laborers' Pension Fund and
Health and Welfare Department of the
Construction and General Laborers'
District Council of Chicago and Vicinity
Jean Mashos, Director
11465 Cermak Road
Westchester, Illinois 60154

Re:    Distinctive Concrete Ltd.
       Case # CHLAB-0707-1434
       Acct # 31001

Gentlemen:

In accordance with your instructions we have performed certain agreed upon procedures to the payroll records presented for our inspection by the above mentioned employer. The purpose of the inspection was to determine the accuracy of the employer's monthly contributions to the Laborers' Pension Fund and Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period October 1, 2005 through September 30, 2007. This agreed upon procedure engagement was performed in accordance with the standards established by the American Institute of Certified Public Accountants. The sufficiency of these procedures is solely the responsibility of the Laborers' Pension Fund and Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity.

**This audit should be considered an exit audit. The contractor has not had any laborers on payroll since December 2006 but has not yet filed final tax returns.**

Attached hereto are yearly schedules showing the detail of the under-reported hours and computation of the amounts due to the Funds. The findings consist of under-reported wages and hours of individuals on payroll doing covered work that have been previously reported to the Funds.

Our examinations indicated that the employer owes the following amounts for the period audited, exclusive of interest.

|  | Amount Due |
|---|---|
| Welfare | $    572.80 |
| Pension | 351.20 |
| Training | 13.60 |
| IAF | 5.60 |
| LDCLMCC | 9.60 |
| LECET | 4.80 |
| Dues | 42.74 |
| Total | $    1,000.34 |

Trustees Laborers' Pension Fund and
Health and Welfare Department of the
Construction and General Laborers'
District Council of Chicago and Vicinity
November 8, 2007
Page Two
Case # CHLAB-0707-1434

We were not engaged to, and did not, perform an examination, the objective of which would be the expression of an opinion on the accompanying report.  Accordingly, we do not express such an opinion.  Had we performed additional procedures, other matters might have come to our attention that would have been reported to you.

We shall be pleased to furnish any additional information desired and have attached our bill for services.

Very truly yours,

LEVINSON SIMON & SPRUNG P.C.
Howard B. Levinson, CPA, MBA

HBL/lab

Enclosures

cc:   Denise Ayala

**Levinson Simon & Sprung, P.C.**
Reconciliation of Differences Per Year

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
DISTINCTIVE CONCRETE LTD.
Case #: ChLab-0707-1434
Audit Period: 10/1/2005 thru 9/30/2007
Fiscal Year End: May

Manager: Betar, Leia
Auditor: Karris, Reid

| Fiscal Year Ending | MAY 2007 | MAY 2006 | Total |
|---|---|---|---|
| Dollars Not Reported | 1,206.00 | 1,236.16 | 2,442.16 |
| Hours Not Reported | 40.00 | 40.00 | 80.00 |
| **Dollar Amount Due** | | | |
| Welfare Fund | 298.40 | 274.40 | 572.80 |
| Pension Fund | 193.60 | 157.60 | 351.20 |
| Training Fund | 6.80 | 6.80 | 13.60 |
| IAF | 2.80 | 2.80 | 5.60 |
| LDCLMCC | 4.80 | 4.80 | 9.60 |
| LECET | 2.40 | 2.40 | 4.80 |
| Dues | 21.11 | 21.63 | 42.74 |
| **Total** | **529.91** | **470.43** | **1,000.34** |

| | |
|---|---|
| Liquidated Damages | 724.44 |
| Dues Penalties | 157.52 |
| Dues Shortages | 8.25 |
| Audit Fee | 830.07 |

| Total Amount Due | 2,720.62 |
|---|---|

**Levinson Simon & Sprung, P.C.**
**Detail Report**
**Report Date: 11/8/2007**

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
DISTINCTIVE CONCRETE LTD.
Case #: ChLab-0707-1434    Year Ended: May, 2006
Contract: CCA & *CCA

Contributions computed by Amount per Hour

| SSN | Name | JUN 2005 | JUL 2005 | AUG 2005 | SEP 2005 | OCT 2005 | NOV 2005 | DEC 2005 | JAN 2006 | FEB 2006 | MAR 2006 | APR 2006 | MAY 2006 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | *Nitti, Vito | | | | | | | | | | | | | |
| | Total Hours | | | | | 40.00 | | | | | | | | 40.00 |

## Rate Table

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | $6.8600 | | | | | 274.40 | | | | | | | | 274.40 |
| Pension Fund | $3.9400 | | | | | 157.60 | | | | | | | | 157.60 |
| Training Fund | $0.1700 | | | | | 6.80 | | | | | | | | 6.80 |
| IAF | $0.0700 | | | | | 2.80 | | | | | | | | 2.80 |
| LDCLMCC | $0.1200 | | | | | 4.80 | | | | | | | | 4.80 |
| LECET | $0.0600 | | | | | 2.40 | | | | | | | | 2.40 |
| Total | | | | | | 448.80 | | | | | | | | 448.80 |

Levinson Simon & Sprung, P.C.

Detail Report

Report Date: 11/8/2007

Page 3

Employees

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS

DISTINCTIVE CONCRETE LTD.

Case #: CHLab-0707-1434      Year Ended: May, 2006

Contract: CCA & *CCA

Contributions computed as Percentage of Dollars Paid

| SSN | Name | JUN 2005 | JUL 2005 | AUG 2005 | SEP 2005 | OCT 2005 | NOV 2005 | DEC 2005 | JAN 2006 | FEB 2006 | MAR 2006 | APR 2006 | MAY 2006 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | *Lazzara, Gaetano | | | | | 15.08 | | | | | | | | 15.08 |
| 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 | *Nitti, Vito | | | | | 1,206.00 | | | | | | | | 1,206.00 |
| 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 | *Sanchez, Martin | | | | | 15.08 | | | | | | | | 15.08 |
| | Total Dollars Paid | | | | | 1,236.16 | | | | | | | | 1,236.16 |

| | | JUN 2005 | JUL 2005 | AUG 2005 | SEP 2005 | OCT 2005 | NOV 2005 | DEC 2005 | JAN 2006 | FEB 2006 | MAR 2006 | APR 2006 | MAY 2006 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | 1.7500% | | | | | 21.63 | | | | | | | | 21.63 |
| Total | | | | | | 21.63 | | | | | | | | 21.63 |

Levinson Simon & Sprung, P.C.
Detail Report
Report Date: 11/8/2007

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
DISTINCTIVE CONCRETE LTD.
Case #: ChLab-0707-1434    Year Ended: May, 2007
Contract: CCA & *CCA

Contributions computed by Amount per Hour

| SSN | Name | JUN 2006 | JUL 2006 | AUG 2006 | SEP 2006 | OCT 2006 | NOV 2006 | DEC 2006 | JAN 2007 | FEB 2007 | MAR 2007 | APR 2007 | MAY 2007 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | *Nitti, Vito | | | | | | | | | | | | | |
| | Total Hours | | | | | | | 40.00 | | | | | | 40.00 |

**Rate Table**

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | $7.4600 | | | | | | | 298.40 | | | | | | 298.40 |
| Pension Fund | $4.8400 | | | | | | | 193.60 | | | | | | 193.60 |
| Training Fund | $0.1700 | | | | | | | 6.80 | | | | | | 6.80 |
| LIAF | $0.0700 | | | | | | | 2.80 | | | | | | 2.80 |
| LDCLMCC | $0.1200 | | | | | | | 4.80 | | | | | | 4.80 |
| CECET | $0.0600 | | | | | | | 2.40 | | | | | | 2.40 |
| Total | | | | | | | | 508.80 | | | | | | 508.80 |

**Levinson Simon & Sprung, P.C.**
**Detail Report**
**Report Date: 11/8/2007**

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
DISTINCTIVE CONCRETE LTD.

Case #: ChLab-0707-1434          Year Ended: May, 2007
Contract: CCA & *CCA

Contributions computed as Percentage of Dollars Paid

| SSN | Name | JUN 2006 | JUL 2006 | AUG 2006 | SEP 2006 | OCT 2006 | NOV 2006 | DEC 2006 | JAN 2007 | FEB 2007 | MAR 2007 | APR 2007 | MAY 2007 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | *Nitti, Vito | | | | | | | 1,206.00 | | | | | | 1,206.00 |
| | Total Dollars Paid | | | | | | | 1,206.00 | | | | | | 1,206.00 |
| | Dues | 1.7500% | | | | | | | 21.11 | | | | | | 21.11 |
| | Total | | | | | | | 21.11 | | | | | | 21.11 |

## Levinson Simon & Sprung P.C.
## Payroll Audit Information Sheet

Page 1

| | |
|---|---|
| EMPLOYER'S NAME | Distinctive Conrete Ltd |
| ADDRESS | 1182 Crystal Shore Drive |
| CITY STATE ZIP | Carol Stream |
| EMAIL ADDRESS | n/a |
| DATE OF CONTRACT | |
| CONTACT'S NAME | Giacinta Nitti |
| PERSON FUND IS TO CONTACT | Giacinta Nitti |
| ENTITY TYPE | Corporation |
| | |

| | |
|---|---|
| EMPLOYER # | 31001 |
| PHONE # | 630-540-1790 |
| FAX # | *disconnected no further info* |
| FEIN | |
| AUDIT PERIOD | |
| TITLE | |
| TITLE | Owner |
| # OF EMPLOYEES | 9 |
| AVE # PER MONTH | 1 |

BUSINESS ACTIVITY: Concrete Construction

| | | | |
|---|---|---|---|
| Giacinta Nitti | Owner | 100.00 | 1182 Crystal Shore Drive Carol Stream, IL 60188 |
| | | | |
| | | | |
| | | | |

BANKING FACILITIES USED AND ACCOUNT NUMBER | Harris Bank | 8502062593

IS EMPLOYER STILL IN BUSINESS?  ☒ YES  ☐ NO *See note on second page*

DOES EMPLOYER HAVE INTEREST IN OTHER RELATED OPERATIONS?  ☐ YES  ☒ NO

IF YES, LIST NAMES OF SAME

IS EMPLOYER A MEMBER OF ANY TRADE ORGANIZATION/ASSOCIATION?  ☐ YES  ☒ NO

IF YES, LIST NAMES OF SAME

**Levinson Simon & Sprung P.C.**
**Payroll Audit Information Sheet**

Page 2

AUDIT DATE    10/26/07

AUDIT SITE (IF DIFFERENT FROM EMPLOYER'S ADDRESS    Cecala & Associates 400 W Lake St.  Suite 218
Roselle, IL 60172

ALL REQUIRED ACCOUNTING RECORDS WERE AVAILABLE WITH THE EXCEPTION OF

BRIEFLY DESCRIBE THE NATURE OF THE DELINQUENCY, IF ANY

Under reported hours and wages for one previously reported individual. Under reported wages for two previously reported individual

DID YOUR EXAMINATION UNCOVER ANYTHING SPECIAL OR UNUSUAL WHICH SHOULD BE BROUGHT TO THE ATTENTION OF THE FUND COUNSEL OR OTHER INTERESTED PERSONS?    ☒ YES    ☐ NO

IF YES, EXPLAIN

Contractor states that they are out of business and there is no payroll for 3rd quarter 2007 but  final tax return has not been filed

AUDITOR    Reid Karris

LABORERS' PENSION & WELFARE FUNDS

# LABORERS' PENSION & WELFARE FUNDS
## CONTRACTOR PENALTY HISTORY

| Contractor Number | 031001 |
| Contractor Name | DISTINCTIVE CONCRETE, LTD |
| Address | PO BOX 88330 |
| | CAROL STREAM IL, 601880330 |

| Phone | (630) 540-1790 |
| Status | Active |
| Outstanding Balance | $724.44 |

| Invoice # | Received Date | Report Month | Trans # | Penalty | Payment | Adjustment | Write Off | Welfare Penalty | Welfare Payment | Welfare Adjustment | Welfare Write Off | Pension Penalty | Pension Payment | Pension Adjustment | Pension Write Off |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 27669 | 02/26/2007 | 12/2006 | 1223580 | $ 49.20 | $ - | $ - | $ - | $ 29.84 | $ - | $ - | $ - | $ 19.36 | $ - | $ - | $ - |
| 27565 | 02/08/2007 | 11/2006 | 1221678 | $ 196.80 | $ - | $ - | $ - | $ 119.36 | $ - | $ - | $ - | $ 77.44 | $ - | $ - | $ - |
| 27297 | 01/04/2007 | 10/2006 | 1218201 | $ 196.80 | $ - | $ - | $ - | $ 119.36 | $ - | $ - | $ - | $ 77.44 | $ - | $ - | $ - |
| 27025 | 11/22/2006 | 09/2006 | 1214693 | $ 246.00 | $ - | $ - | $ - | $ 149.20 | $ - | $ - | $ - | $ 96.80 | $ - | $ - | $ - |
| 25233 | 03/14/2006 | 10/2005 | 1190045 | $ 35.64 | $ - | $ - | $ - | $ 22.64 | $ - | $ - | $ - | $ 13.00 | $ - | $ - | $ - |
| | | | | $ 724.44 | $ - | $ - | $ - | $ 440.40 | $ - | $ - | $ - | $ 284.04 | $ - | $ - | $ - |

*Jim F.*



# Construction & General Laborers'
# District Council of Chicago and Vicinity
# Working Dues Fund

---

**LOCALS 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1035, 1092**

---

DISTINCTIVE CONCRETE, LTD
P.O. BOX 88330
CAROL STREAM, IL 60188

January, 2 2008
Contractor# 031001

Dear Contractor:

According to our records, your following report(s) were submitted late . As a result, you owe the Work Dues and Ancillary Funds an amount of $157.52 late fee.

| Report Month | Receipt Date | Total Gross Wage | Total Hours | Expected Amount | Remitted Amount | Expected Late Fee | Applied Late Fee | Unpaid Late Fee |
|---|---|---|---|---|---|---|---|---|
| 09/2005 | 01/09/2006 | $14,592.61 | 484.00 | $376.36 | $376.36 | $37.64 | $0.00 | $37.64 |
| 10/2005 | 01/09/2006 | $15,557.40 | 516.00 | $401.25 | $400.05 | $40.00 | $0.00 | $40.00 |
| 11/2005 | 01/09/2006 | $3,618.00 | 120.00 | $93.32 | $93.32 | $9.33 | $0.00 | $9.33 |
| 07/2006 | 08/30/2006 | $5,048.00 | 160.00 | $128.34 | $128.34 | $12.83 | $0.00 | $12.83 |
| 08/2006 | 10/13/2006 | $5,048.00 | 160.00 | $128.34 | $128.34 | $12.83 | $0.00 | $12.83 |
| 09/2006 | 11/20/2006 | $6,310.00 | 200.00 | $160.42 | $160.42 | $16.04 | $0.01 | $16.03 |
| 10/2006 | 01/15/2007 | $5,048.00 | 160.00 | $128.34 | $128.34 | $12.83 | $0.00 | $12.83 |
| 11/2006 | 02/12/2007 | $5,048.00 | 160.00 | $128.34 | $128.34 | $12.83 | $0.00 | $12.83 |
| 12/2006 | 03/01/2007 | $1,262.00 | 40.00 | $32.08 | $32.08 | $3.21 | $0.01 | $3.20 |

**Total Unpaid Late Fee**     **$157.52**

**\* Under Article VI, Paragraph 2, the Working Dues Report is due no later than the 10th of the month following the month for which such deductions were made.**

If you fail to remit the amount due, legal action may be initiated to collect this amount, and you will be liable for all attorney fees and court costs incurred to enforce your obligations.

Please send all your remittances to this address:

**LABORERS' DISTRICT COUNCIL**
**999 McClintock Drive, Suite 300**
**Burr Ridge, IL 60527**
**Attn: Denise Ayala**

# LABORERS' PENSION & WELFARE FUNDS

1/2/2008

AUDIT

EMPLOYER   DISTINCTIVE CONCRETE     CODE   31001

FOLLOWING ARE THE FIGURES OWED BY THE ABOVE MENTIONED CONTRACTOR AS A RESULT OF THE AUDIT.

AUDIT 1-1-05 - 9-30-07

ADDITIONAL HOURS

| | HOURS | WELFARE | RATE | PENSION | RATE | TRAINING FUND | RATE | DUES | LDCLMCC | RATE | IAF | RATE | CAICA | RATE | LECET | RATE | CISCO | RATE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1-1-05 - 5-31-06 | 40.00 | 274.40 | 6.86 | 157.60 | 3.94 | 6.80 | 0.17 | 21.63 | 4.80 | 0.12 | 2.80 | 0.07 | - | - | 2.40 | 0.06 | - | - | 470.43 |
| 6-1-06 - 5-31-07 | 40.00 | 298.40 | 7.46 | 193.60 | 4.84 | 6.80 | 0.17 | 21.11 | 4.80 | 0.12 | 2.80 | 0.07 | - | - | 2.40 | 0.06 | - | - | 529.91 |
| NON NOT REPORTED | | | | | | | | | | | | | | | | | | | |
| SUBTOTAL | 80.00 | 572.80 | | 351.20 | | 13.60 | | 42.74 | 9.60 | | 5.60 | | - | | 4.80 | | - | | 1,000.34 |
| 10% PENALTIES | | 57.28 | | 35.12 | | 1.36 | | 4.27 | 0.96 | | 0.56 | | - | | 0.48 | | - | | 100.03 |
| 20% PENALTIES | | 415.04 | | 415.03 | | | | | | | | | | | | | | | 830.07 |
| AUDIT COSTS | | | | | | | | | | | | | | | | | | | |
| ATTORNEY FEES | | - | | - | | | | | | | | | | | | | | | - |
| ACCUM. PENALTIES | | 440.40 | | 284.04 | | | | 157.52 | | | | | | | | | | | 881.96 |
| ACCUM. INTEREST | | - | | - | | | | | | | | | | | | | | | - |
| TOTAL DUE | | 1,485.52 | | 1,085.39 | | 14.96 | | 204.53 | 10.56 | | 6.16 | | - | | 5.28 | | - | | 2,812.40 |



EXHIBIT B-1